UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA              :

   - v -                                                      :

                                                     08 CR 626 (JSR)

JOSE CASTILLO-SOLIS                     :
                                                   **AFFIRMATION**
   Defendant.                                          :

------------------------------------------------------X

        JULIA L. GATTO, under penalty of perjury pursuant to U.S.C. § 1746 does hereby declare the following to be true:

1.    I am an Assistant Federal Defender with the Federal Defenders of New York. I have been appointed by the Court to represent Jose Castillo-Solis in this action. I make this affirmation in support of his motion to dismiss the indictment with prejudice.

2.    On information and belief, based upon an interview with my client and my review of the Indictment and other documents produced by the government during discovery, I believe that Mr. Castillo-Solis was illegally deported in 2002 after a fundamentally unfair proceeding that deprived him of administrative and judicial review in violation of the Due Process. Accordingly, the Indictment which charges Mr. Castillo-Solis with illegally reentering the United States subsequent to deportation must be dismissed with prejudice.

3.    Specifically, I reviewed the following documents produced by the government during discovery and which are attached hereto as Exhibits A through C, respectively: (A) Decision of the Board of Immigration Appeals, dated April 5, 1999; (B) Motion to Reconsider Late Filed Brief on Appeal Pursuant to New Found Evidence, dated September 5, 1999; and (C) Decision of the Board Immigration Appeals, dated July 13,

2000.

4.      Based on all of the reasons set forth more fully in the Memorandum of Law, it is respectfully submitted that Mr. Castillo-Solis' motion to dismiss the Indictment be granted.

Dated: August 25, 2008
       New York, New York

                                        Respectfully submitted,

                                        Federal Defenders of New York

                        By:             _____
                                        JULIA L. GATTO, ESQ.
                                        Attorney for Defendant
                                        **Jose Castillo-Solis**
                                        52 Duane Street - 10th Floor
                                        New York NY 10007
                                        Tel.: (212) 417-8750

**U.S. Department of Justice**　　　　　　　　　　Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

---

File:　A40 481 863 - Fishkill　　　　　　　Date:　APR - 5 1999

In re: JOSE CRESCENCIO CASTILLO-SOLIS

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:　Pro se

ORDER:

　　PER CURIAM. The appeal is untimely. A Notice of Appeal (Form EOIR-26) must be filed within 30 calendar days of an Immigration Judge's oral decision or the mailing of a written decision. In the instant case, the Immigration Judge's oral decision was rendered on June 12, 1998. The appeal was accordingly due on or before July 13, 1998. The record reflects, however, that the Notice of Appeal was filed with the Board of Immigration Appeals on March 8, 1999. We find that the appeal is untimely. The Immigration Judge's decision is accordingly now final, and the record is returned to the Immigration Court without further action. See 8 C.F.R. §§ 3.3(a), 3.38, 236.7, and 242.21 (1997).

_____
　　　　　FOR THE BOARD

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS

| | |
|---|---|
| In the Matter of: | ) |
| CASTILLO-SOLIS, JOSE CRESCENCIO, | ) MOTION TO RECONSIDER LATE<br>) FILED BRIEF ON APPEAL<br>) PURSUANT TO NEW FOUND |
| Inmate No. 98-A-1724 | ) EVIDENCE |
| Respondent. | ) A: 40-481-863 |

This is a motion to reconsoder late filed brief on appeal pursuant to new found evidence. Respondent's crime for deportation was on or about February 7, 1994 (date of conviction), for the crime of attempted robbery in the 1°. The respondent will show that the United States Department of Justice is deporting [him] from a crime that occurred before the AEDPA §440(d) was established and at the time of conviction the INS did not attempt to deport respondent then, and shall not be allowed to deport respondent now.

PRELIMINARY STATEMENT

The respondent legally entered this Country on or about July 15, 1986 as a Lawful Permanent Resident. He has his Grandmother, Habelina Soliz, his two (2) Aunts Lus and Marta Soliz, his Uncle, Lino Soliz, his Mother Mercedes Soliz, his Sister Rosa Marin and his lovely Daughter Samaria Castillo who are all United States Citizens. On July 12, 1998, at the Immigration Court, Red Schoolhouse Road, Fishkill, NY 12524, the Hon. Mitchell A. Levinsky, Immigration Judge ordered the respondent removed to Honduras. Resondent respectfully request that this Court, the BIA, review his Late Filed Brief and its argument.

30

See HENDERSON v. INS, 157 F.3d 106 (2nd Cir. 1998); GONCALVES v. RENO, 144 F.3d 110 (1st Cir. 1998). In both cases The United States Attorney General, Ms. Janet Reno petition for writ of certiorari in RENO, et al., v. NAVAS, et al., No. 98-996 and RENO, et al v. GONCALVES, No. 98-835 (U.S. S.CT., 3/8/99, 64 Crl 2182,2183, and the United States Supreme Court denied certtiorari. Making both cases binding legal precedent respetively in their Circuits. In a case of first impression, an Eastern District Federal Judge has ruled that a key deportation provision of the 1996 Antiterrorism and Effective Death Penalty Act is not retroactive. United States District Judge Jack B. Weinstein ruled friday, July 30, 1999, that a criminal conviction obtained before April 1996, when the law took affect, cannot be used by the government to deny equitable hearing to waive deportation of a foreign national who is a longtime resident of te United States, POTTINGER v. RENO, 97 CV 3217, (Deportation Hearing Limits Not Retroactive, N.Y.L.J. pg. 1, col. 2 and conts. on pg.6, col 1 by Michael A. Riccardi.

### EX POST FACTO

Although challenges to retroactive deportation laws under the ex post facto clause have repeatedly been rejected in the past on the basis that the clause only applies to criminal punishment, the now often mandatory imposition of the "civil" penalty of removal upon conviction suggests that it may be worth preserving such a claim in the hope that the courts will revist the issue. See SCHEIDEMANN v. INS, 83 F.3d 1517, 1527 (3 Cir. 1996)(Sarokin, J., concurring) ("If deportation under such circumstances is not punishment, it is difficult to envision what is"); See also EASTERN ENTERPRISES v. APFEL, 524 U.S. 498 (1998) (concurring opinion of Justice Thomas)(expressing willingness to reconsider whether retroactive civil laws are unconstitutional under the ex post facto clause).

-3-

See HENDERSON v. INS, 157 F.3d 106 (2nd Cir. 1998); GONCALVES v. RENO, 144 F.3d 110 (1st Cir. 1998). In both cases The United States Attorney General, Ms. Janet Reno petition for writ of certiorari in RENO, et al., v. NAVAS, et al., No. 98-996 and RENO, et al v. GONCALVES, No. 98-835 (U.S. S.CT., 3/8/99, 64 Crl 2182,2183, and the United States Supreme Court denied certtiorari. Making both cases binding legal precedent respetively in their Circuits. In a case of first impression, an Eastern District Federal Judge has ruled that a key deportation provision of the 1996 Antiterrorism and Effective Death Penalty Act is not retroactive. United States District Judge Jack B. Weinstein ruled friday, July 30, 1999, that a criminal conviction obtained before April 1996, when the law took affect, cannot be used by the government to deny equitable hearing to waive deportation of a foreign national who is a longtime resident of te United States, POTTINGER v. RENO, 97 CV 3217, (Deportation Hearing Limits Not Retroactive, N.Y.L.J. pg. 1, col. 2 and conts. on pg.6, col 1 by Michael A. Riccardi.

### EX POST FACTO

Although challenges to retroactive deportation laws under the ex post facto clause have repeatedly been rejected in the past on the basis that the clause only applies to criminal punishment, the now often mandatory imposition of the "civil" penalty of removal upon conviction suggests that it may be worth preserving such a claim in the hope that the courts will revist the issue. See SCHEIDEMANN v. INS, 83 F.3d 1517, 1527 (3 Cir. 1996)(Sarokin, J., concurring) ("If deportation under such circumstances is not punishment, it is difficult to envision what is"); See also EASTERN ENTERPRISES v. APFEL, 524 U.S. 498 (1998) (concurring opinion of Justice Thomas)(expressing willingness to reconsider whether retroactive civil laws are unconstitutional under the ex post facto clause).

Wherefore the respondent, Jose Castillo 98-A-1724, is requesting the BIA review his petition and allow him to file for a waiver of deportation, whether it is a 212(c), 212(h), or canecllation of removal so the respondent, who is a longtime resident be allowed to continue living in the United States and at some point apply for citizenship and to continue living with his family in the United States.

Respectfully Submitted,

Jose Castillo  98-A-1724
Petitioner, Pro Se
Bare Hill Correctional Facility
Caller Box 20, Cady Road
Malone, New York 12953

I, Jose Castillo duly affirm under the penalty of perjury pursuant to 28 U.S.C. § 1746, that the above is true and correct to the best of my knowledge and is seving opposing counsel, Ms. Mercedes Cesaratto, Assistant District Counsel.

Dated: September 5, 1999
       Malone, New York

JOSE CASTILLO  98-A-1724

File: A40 481 863 - Fishkill      Date: JUL 13 2000

In re: JOSE CRESCENCIO <u>CASTILLO</u>-SOLIS

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT: Pro se

ORDER:

    PER CURIAM. On April 5, 1999, the Board dismissed for lack of jurisdiction the respondent's appeal from the decision of the Immigration Judge. We accordingly returned the record to the Immigration Court without further action. Now the respondent has filed a motion to reopen with the Board.

    The previous Board order dismissed the respondent's appeal for lack of jurisdiction, because it was untimely filed. When an appeal is dismissed for lack of jurisdiction, the only motion that can be entertained by the Board is a motion to reconsider which challenges the finding that the appeal was untimely. The motion before us is not a motion to reconsider. Therefore, we find that we have no jurisdiction over this motion, as jurisdiction lies with the Immigration Judge. *See Matter of Mladineo*, 14 I&N Dec. 591 (BIA 1974). *See also Matter of Lopez*, Interim Decision 3343 (BIA 1998). Accordingly, the record is returned to the Immigration Court without further Board action.

FOR THE BOARD